### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 18-20422

STEVEN MIRACLE,

        Defendant.
_____/

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
### REQUEST FOR APPOINTMENT OF COUNSEL

Defendant Steven Miracle is currently serving a 52-month sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He recently filed a one-paragraph request for appointment of counsel. In that request, he states that he believes he is eligible for early release and that he has been identified by the BOP as "a high risk" for contracting the coronavirus. (ECF No. 22, PageID.127.) However, his request contains no corroborating documentation from the BOP nor any description of his medical issues or the factors that would justify his early release under 18 U.S.C. § 3582(c).

There is no constitutional or statutory right to appointment of counsel for defendants seeking to file motions for early release. *See, e.g.*, *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("[W]e decline to find that the Fifth Amendment provides a mandatory right of counsel for all § 3582(c)(2) motions as a matter of fundamental fairness."); *United States v. Legree*, 205 F.3d 724, 729 (4th Cir. 2000) (collecting cases) ("[T]here is no right to a hearing and assistance of counsel on a

motion for reduction of sentence."). Nevertheless, the court may, at its discretion, appoint counsel "where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Here, Defendant's request contains no factual or legal development regarding his asserted grounds for early release nor any corroborating documentation to establish his designation by the BOP as a high-risk individual. Without additional information, the court cannot conclude that appointment of counsel is justified or necessary at this time. The court will deny Defendant's request without prejudice, meaning that Defendant may refile his request and provide additional information to better substantiate his request for counsel, particularly as that request relates to his possible grounds for early release. Alternatively, Defendant may also file a pro se motion for early release under 18 U.S.C. § 3582(c). Accordingly,

IT IS ORDERED that Defendant's request for appointment of counsel (ECF No. 22) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 25, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\18-20422.MIRACLE.deny.without.prejudice.counsel.HEK.docx