**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 18-20422

STEVEN MIRACLE,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE**

Defendant Steven Miracle pleaded guilty to being a felon in possession of a firearm. (ECF No. 21, PageID.120.) He committed the offense while on supervised release. (ECF No. 26, PageID.187.) On January 8, 2019, the court sentenced him to fifty-two months imprisonment. (ECF No. 21, PageID.121.) He was sentenced to an additional ten months for violating conditions of supervised release. (*See* Case No. 14-20103-7, ECF No. 143.) His projected date of release, assuming good behavior, is in September 2022. (ECF No. 26, PageID.177.)

Defendant moves for a reduction of sentence. (ECF No. 24.) He argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Milan justify his immediate release. The matter has been thoroughly briefed. (ECF Nos. 26, 29, 30.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

Under the federal compassionate release statute, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a

reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held recently in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111. A prisoner seeking compassionate release must still present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

The court will assume for purposes of Defendant's motion that he has presented extraordinary and compelling circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). However, upon a review of § 3553(a) sentencing factors, the court concludes that early release is not warranted.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2

  (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available;

  (4) the kinds of sentence and the sentencing range established . . .

  (5) any pertinent policy statement . . .

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

3

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant has an extensive criminal history. At the age of nineteen, in 1994, Defendant was convicted of breaking and entering. (ECF No. 26, PageID.177.) He was then convicted of four minor offenses. (*Id.*) In 2014, he was charged in a large drug trafficking conspiracy. (*Id.*) Defendant helped transport hundreds of kilograms of illegal drugs (marijuana) from Texas to Michigan. (*Id.*) In February 2015, he was convicted in federal court of conspiracy to possess with intent to distribute and to distribute controlled substances. (*Id.*; Case No. 14-20103-7, ECF No. 111.)

Defendant was sentenced to one year and a day imprisonment, (Case No. 14-20103-7, ECF No. 111), but that did not change his behavior. He violated supervise release conditions in May 2016 and was sentenced to seven months imprisonment. (Case No. 14-20103-7, ECF No. 130.) Defendant served his term of imprisonment for that violation and then violated supervised released conditions again in February 2018.

For the February 2018 violation, Defendant was involved in a domestic violence incident in Grand Traverse County. (Case No. 14-20103-7, ECF No. 142.) He got into a dispute with his girlfriend and her twelve-year-old son. (*Id.*) After police were called, Defendant fled on foot, and the police issued a warrant for Defendant arrest for aggravated assault. (*Id.*)

Under his conditions of supervised release, Defendant was not permitted to travel to Grand Traverse County. (*Id.*) After the February 2018 incident, he failed to report and absconded probation. (*Id.*) A supervised release warrant was issued for Defendant's arrest, and the United States Marshal Service arrested him in April 2018.

4

(ECF No. 26, PageID.187.) At the arrest, Defendant was found with a loaded handgun, several grams of cocaine, and a digital scale with cocaine residue. (*Id.*; Case No. 14-20103-7, ECF No. 142.)

Defendant in the recent past has involved himself in serious and sophisticated drug trafficking activities. Only two years ago, he was carrying a loaded firearm while likely distributing cocaine. He has shown pronounced disrespect for conditions of court-ordered supervision. The nature of Defendant's offenses and his criminal history do not support early release. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). Defendant has multiple felony convictions and was involved in large scale drug distribution as recently as 2014. Despite serving several terms of imprisonment, he has continued to break the law and to blatantly violate conditions of supervised release. An early release of almost two years would not adequately reflect the seriousness of Defendant's criminal conduct. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A). Nor would it promote respect for the law. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A). Defendant has shown a special disregard for court-ordered conditions of release. Finally, early release would not afford just punishment for Defendant's serial lawbreaking. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). Defendant was convicted, and punished, for a drug-related felony in 2015. He was also sentenced to a term of

5

imprisonment in 2016 for violating conditions of supervised release. Prior convictions have not stopped Defendant from engaging in additional criminal activity. Upon release, or placement on court-ordered supervision, Defendant has returned to his old habits and criminal livelihood. The court does not believe that reducing Defendant's sentence by almost two years would afford adequate deterrence, both for Defendant and for others who may consider replicating his behavior. 18 U.S.C. § 3553(a)(2)(B); 18 U.S.C. § 3582(c)(1)(A). Defendant is forty-six years old. If he does not rectify his behavior, and is convicted of yet another serious felony, he may find himself facing the remainder of his natural life in custody.

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Defendant has shown himself willing and able to engage in complex and dangerous criminal activities, despite having prior convictions and despite the presence of conditions of supervised release. The court believes that if Defendant is released at this time, there is a real possibility that he may commit more crimes, specifically by trafficking drugs. Distribution of illegal narcotics continues to present a significant risk to community health. Defendant's immediate release would not adequately ensure the protection of the public. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). When Defendant was sentenced, the advisory guideline range was forty-six to fifty-seven months imprisonment. (ECF No. 15, PageID.54.) The court sentenced Defendant to fifty-two months imprisonment. (ECF No. 21, PageID.121.) If he were to be released now, his total term of imprisonment will be less than thirty-two months, well below the

6

lower bound of the advisory guideline range. The established sentencing range does not support Defendant's request for release. 18 U.S.C. § 3553(a)(4); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."** 18 U.S.C. § 3553(a)(2)(D). Defendant has Chronic Obstructive Pulmonary Disease ("COPD"), (ECF No. 24, PageID.164); he also asserts he is overweight. (ECF No. 29, PageID.203-04.) While in prison, Defendant receives monitoring and treatment for his medical conditions. The BOP provides him diagnoses, checkups, and prescriptions. (*See, e.g.*, ECF No. 24, PageID.164-66.)

For many years prior to incarceration, Defendant was involved in dangerous criminal activity. He distributed illegal narcotics as his choice of trade for the years immediately predating the instant conviction. Possessing large amounts of drugs and hard currency procured from drug sales poses serious risks of violence and bodily harm. This is evidenced by Defendant's perceived need to carry a loaded firearm in April 2018 while likely trafficking cocaine. While in prison, Defendant is separated from his prior lifestyle. In conjunction with the medical services the federal prison system provides him, continued incarceration supports Defendant's health and wellbeing. 18 U.S.C. § 3553(a)(2)(D); 18 U.S.C. § 3582(c)(1)(A).

The existence of COVID-19 by itself does not justify Defendant's release. The BOP has taken countermeasures to mitigate the spread of COVID-19. All newly arriving inmates are tested and placed in quarantine. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last

visited Dec. 30, 2020). Prisoners cannot leave quarantine until they test negative. *Id.* Symptomatic inmates are isolated, tested, and treated. *Id.*; Federal Bureau of Prisons, U.S. Department of Justice, *Correcting Myths and Misinformation About BOP and COVID-19* (2020). The location of Defendant's confinement, FCI Milan, has twenty-eight active cases of COVID-19 among prisoners. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 30, 2020). The prison houses 1,227 inmates. *FCI Milan*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/caa/ (last visited Dec. 30, 2020).

Furthermore, the court has few assurances that early release will reduce Defendant's chances of contracting COVID-19 or increase his chances of successful recovery. Given his long history of failing to comply with basic rules and societal expectations, even when violations carry significant jail time, release may not substantially reduce his risk of exposure. *See How to Protect Yourself & Others*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Dec. 30, 2020) (suggesting voluntary precautions to mitigate the spread of COVID-19). In addition, the court has little information or assurance as to the healthcare Defendant would receive in free society. Defendant may well have *less* monitoring and *reduced* access to quality care.

To release Defendant, the court would need to speculate as to whether he will contract COVID-19 in prison, whether he will develop serious symptoms, and whether his health, and access to quality healthcare, will improve upon release. Ultimately, the risks of COVID-19 while Defendant is incarcerated do not outweigh the several §

8

3553(a) factors that weigh in favor of continued confinement. Defendant's request for compassionate release will be denied. Accordingly,

IT IS ORDERED that Defendant's "Motion for Reduction of Sentence" (ECF No. 24) is DENIED.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 7, 2021, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-20422.MIRACLE.MotionforReductionofSentence.RMK.docx